## In re PERSON.

### Patent Appeal No. 3287.

Court of Customs and Patent Appeals.
May 21, 1934.

Richard K. Stevens, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant has here appealed from the decision of the Board of Appeals of the United States Patent Office, affirming the decision of the examiner in rejecting appellant's claim for "the ornamental design for the Combined Brush Back and Handle as shown and described."

Both the examiner and the board relied upon the following references:

McDonagh et al., Design 45,199, February 3, 1914.

Gibson, Design 57,327, March 15, 1921.

Perrault, Design 59,127, September 20, 1921.

And in addition stated: Further art noted: Ufford, Design 29,219, August 16, 1898.

The design in question is one for a brush back and handle, and it is stated by the appellant that it is particularly suited as a back and handle for toothbrushes. In describing the design the appellant's brief contains the following:

"The plan view of this design shows the rounded forward end, the side walls of which gradually diverge in the direction toward the opposite end to a point where they each curve inwardly and are then again curved outwardly to form an enlarged handle portion having parallel side walls continuing to the end thereof, which end is rounded.

"Both the brush back portion and the handle portion of the design are uniformly

shaped in cross section as is evidenced when the article is viewed from either end. The side walls defining the contour of the article are flat throughout the major portion of the height of the same and they extend in parallel planes. A sharp defining line follows the entire contour of the brush back and handle adjacent the upper surface while a similar sharp defining line is arranged adjacent the lower surface of the article, and these lines distinctly define the upper and lower edges of the side walls. The upper and lower surfaces of the brush back and handle are slightly curved throughout the central portions thereof and unlike the distinguishing lines employed to define the said walls, the upper and lower surfaces are first gradually curved and are then more sharply curved to terminate at the sharp defining juncture lines at the side walls as described."

The Board of Appeals, in its decision, said:

"The general form of the tooth brush is not substantially different from that shown in the design patent to McDonagh et al. In the reference the brush portion is curved but it is old to make it of a straight form as shown in Perrault. The appellant seems to rely more upon the cross section of the handle and brush portion. In McDonagh et al. all the flat top and bottom portions are connected with the side portions by curves whereas in the application they are connected by flat surfaces. The difference, as shown in the sectional view of the application drawing is so slight as to be almost imperceptible and it would be difficult to say whether there is any difference but Fig. 1 seems to more definitely show the flat beveled corners. The patent to Ufford, however, shows a similar bevel and in view thereof we see nothing patentable over the McDonagh et al. and Perrault patents.

"We do not think that appellant's design would present any substantial difference to the casual observer over the references and we find nothing patentable therein."

The McDonagh et al. reference is a design patent for a toothbrush and has very much of the general appearance of the design at bar. When viewed from the side, the forward end has a downward curve similar to that of appellant's design. Both ends are rounded to substantially the same degree, and in the portion of the handle immediately adjacent the brush portion the handle becomes narrower and the lines of this narrowed portion are substantially identical in both designs. The brush portions in both designs show a similar tapering toward the forward end.

Appellant here urges that his design differs in appearance from that of McDonagh et al., and particularly in that his design has "the flat side wall of the brush back and handle which is distinctly terminated by the sharp edges from which the rounded upper and lower surfaces of the article gracefully extend in a curved formation."

The board stated that the Ufford patent shows a similar beveled edge to that of appellant's design and that it is old to make the brush portion straight as is shown by Perrault. The board did not definitely apply the Gibson reference which the examiner classed along with the Perrault design as showing the same outline of toothbrush handle as that of appellant.

The Ufford design as a whole differs greatly from that of appellant and it is our understanding that it is cited only to show a beveled edge effect.

We have carefully considered the contentions of appellant to the effect that his design as a whole differs from any of the designs in the cited prior art and that by reason of this difference he is entitled to the grant of his claim. We agree with the board that the claim was properly rejected. We see nothing inventive in appellant's application over the references cited. As to whether different features of different designs may be considered together as anticipating a design application we do not think extended discussion here is necessary, since quite recently we have gone into that question thoroughly in the case of In re Elliott, 69 F.(2d) 658, 21 C. C. P. A. ——. We there discussed the question of whether invention was required in design patents and held, citing numerous authorities, that the creation of a patentable design must involve the exercise of the inventive faculty.

There is nothing about appellant's design which convinces us that the conclusion reached by the Patent Office tribunals that there was no invention shown in appellant's application was erroneous, and the decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate.